UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE G. HEARD,

        Plaintiff,

v.                                   CASE NO. 05-CV-72541-DT

JOSEPH ROCHA, ROBERT KOZLOWSKI,    PAUL D. BORMAN
THOMAS DAWSON, TONY DAVIS, and      UNITED STATES DISTRICT JUDGE
VERA MASSEY JONES,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF AND TO AMEND HIS CIVIL RIGHTS COMPLAINT

On June 27, 2005, plaintiff Willie G. Heard initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983. The complaint alleged that the defendants, who are police officers, a prosecutor, and a state judge, deprived Plaintiff of a fair criminal trial by conspiring to fabricate and plant evidence, by giving rehearsed testimony, and by lying under oath. On July 13, 2005, the Court dismissed the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) because the complaint was frivolous, failed to state a claim for which relief could be granted, and named defendants who were immune from a suit for money damages.

Currently pending before the Court are Plaintiff's motions for injunctive relief and to amend his civil rights complaint. Both motions were filed in July of this year. The motions and proposed amended complaint continue to challenge Plaintiff's state conviction, but also raise new issues concerning the conditions of confinement at the state prison where Plaintiff is or was incarcerated. Plaintiff contends that prison officials have examined his outgoing mail to the

Court and filed false misconduct reports against him.

Plaintiff appears to be attempting to avoid payment of another filing fee by raising distinct new allegations in a motion and amended complaint naming different defendants. An amendment is not "the proper method to raise these separate, new causes of action." *Carlton v. Baird*, 72 Fed. Appx. 367, 369 (6th Cir. 2003) (unpublished decision citing *Planned Parenthood of S. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997)). Furthermore, prisoners may not alter or amend their complaints to avoid a summary dismissal. *Baxter v. Rose,* 305 F.3d 486, 488-89 (6th Cir. 2002), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Benson v. O'Brian*,179 F.3d 1014, 1015-16 (6th Cir. 1999); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. at 199. Accordingly, Plaintiff's motion to amend [Dkt. No. 10] and motion for injunctive relief [Dkt. No. 9] are **DENIED**.

**SO ORDERED**.

                                                    S/Paul D. Borman
                                                    PAUL D. BORMAN
                                                    UNITED STATES DISTRICT JUDGE

Dated: December 22, 2008

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 22, 2008.

                                                    S/Denise Goodine
                                                    Case Manager